UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                                              Date: May 24, 2023

Title   *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

Present: The Honorable:       Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   **(In Chambers) Order to Show Cause Why the Complaint Should Not be Dismissed**

I.   **Procedural History and Summary of Factual Allegations**

On April 24, 2023, plaintiffs Alfred McZeal, Jr., Jose R. Solano, Vien Thi-Ho, Yesenia Del Toro, Veronica Ponder Waters, Geddes Sean Gibbs, Natalie Langley-Gibbs, Rene Del Prado, and Desmond Roy Demontegnac (collectively "Plaintiffs"), proceeding pro se, filed the instant class action ("the Complaint") pursuant to 42 U.S.C. § 1983.  [Dkt. No. 1.]  The Complaint names 27 defendants and alleges 23 claims, including securities fraud, various crimes under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and violations of Plaintiffs' civil rights, *inter alia*.  [*Id*. at 1-2, 3-6.].  The gravamen of the Complaint alleges that Defendants engaged in predatory lending and fraudulent debt collection practices that resulted in the illegal foreclosure of Plaintiffs' properties.  Plaintiffs seek declaratory relief, $1,352,263,258.80 in compensatory and punitive damages, and attorney's fees.[1]  [*Id*. at 8.]

---

[1] It has long been established that "pro se civil rights litigants are not entitled to attorney's fees under 42 U.S.C. § 1988." *Ramirez v. Guinn*, 271 F. App'x 574, 576 (9th Cir. 2008).  Therefore, Plaintiffs cannot obtain attorney's fees in this case unless they retain counsel to represent them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                               Date: May 24, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

## II.   Legal Standard

The Court is required to screen *pro se* complaints and dismiss claims that, amount other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief."  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In determining whether the Complaint should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Id*.  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiffs are proceeding *pro se*, the Court construes the Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-03088-DMG-PD            Date: May 24, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

## III. Discussion

### A. Failure to Comply with Rule 8

The Complaint contains 99 pages of allegations against 27 Defendants regarding 12 properties located across California, Florida, Louisiana, Massachusetts, and Pennsylvania. [*See* Dkt. No. 1.] As an initial matter, it is not clear from the Complaint which of the nine Plaintiffs owned each of the 12 subject properties. As best as the Court can discern, each Plaintiff had at least one property that was foreclosed upon by one of the Defendants, which are various corporations, trusts, mortgage lenders, and financial institutions. *Id.* at 10. Plaintiffs assert that Defendants engaged in "illegal predatory practices, for a diabolical scheme to defraud, extort, [] steal real property and money" which deprived them of their right to their property. *Id.* at 2. The Complaint asserts Defendants filed fraudulent liens, false deeds, and forged deed grants—but offers no factual details to support the allegations or explain the nature and timing of these events. Similarly, Plaintiffs assert that Defendants were engaged in a collective conspiracy, however Plaintiffs do not articulate any actual connection between the Defendants as entities.

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Plaintiffs' 99-page Complaint containing 23 claims fails to comply with Rule 8. *See Towns v. Cash*, 2014 WL 7150744, at *2 (C.D. Cal. Dec. 12, 2014) (finding 100+ page civil rights complaint far too long and in violation of Rule 8); *Miller v. Cal. Dept. of Corrections and Rehabilitation*, 2013 WL 5671906, at *2 (E.D. Cal. Oct. 17, 2013) (dismissing civil rights complaint that was 228 pages long for violating Rule 8(1)); *Gilmore v. Augusts*, 2013 WL 635626, at *2 (E.D. Cal. Feb. 20, 2013) (dismissing civil rights complaint that was 291 pages long for failure to comport with Rule 8(a)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-03088-DMG-PD            Date: May 24, 2023

Title    *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

In order to comply with Rule 8, Plaintiffs must provide a short and plain statement of the elements of their claims, identifying the transaction or occurrence giving rise to the claim(s) and the elements of the prima facie case. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). As currently pled, there are insufficient facts to support any of the 23 claims set forth in the Complaint. *See Exmundo v. Kane*, 553 F. App'x. 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions"). Moreover, each claim should be set forth in a separate count, because a separation "facilitates the clear presentation of the matters set forth." *Id.* at 841; Fed. R. Civ. P. 10(b). This is important because not only is the Complaint far too long, but as it currently stands, Plaintiffs' allegations are disjointed and confusing. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (stating that a complaint must give the defendant fair notice of what the plaintiff's claim is); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints … impose unfair burdens on litigants and judges"). As but one example, Plaintiffs allege Defendants committed various crimes under the RICO Act, but do not offer anything more than unadorned conclusory allegations of mail fraud, wire fraud, money laundering, and embezzlement. [*See* Dkt. No. 1 at 43-53.]

For these reasons, the Complaint is subject to dismissal.

### B. Class Allegations

Plaintiffs also seek to represent a class of individuals "who initiated, held mortgages or stock with any of the Defendants from 2014 to 2022" and who subsequently faced foreclosures and/or evictions. [*See* Dkt. No. 1 at 15.] It is well established that *pro se* litigants have no authority to represent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                                    Date: May 24, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3dd 661, 664 (9th Cir. 2008) (non-attorney may not attempt to pursue claim on behalf of others in a representative capacity); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in *propria persona* has no authority to represent anyone other than himself."). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).

As such, Plaintiffs, proceeding *pro se*, cannot pursue this case on behalf of the alleged class. If Plaintiffs intend to file a first amended complaint as a class action – which also cures the deficiencies outlined above – they must be represented by counsel.

**IV.     Order**

For the foregoing reasons, Plaintiffs are **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B). To discharge and satisfy this order, Plaintiffs can either:

(1)     File a first amended complaint ("FAC"), which would entirely supersede the Complaint, if they can cure the factual and legal deficiencies outlined in this Order. Plaintiffs are advised that a FAC would entirely replace the Complaint in this action. Any amended complaint must:

> (a) be labeled "First Amended Complaint";
> (b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                                   Date: May 24, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

       (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
(g) not add defendants or claims without leave of court.

    or

    (2)   Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

    Plaintiffs must do ones of these things by no later than **June 24, 2023**. If, given the contents of this Order, Plaintiffs elect not to proceed in this action, they may expedite matters by signing and returning the **attached Notice of Dismissal by June 24, 2023,** which will result in the voluntary dismissal of this action without prejudice.

    **Plaintiffs are cautioned that, absent further order of the Court, their failure to timely file a first amended complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

    **Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiffs to**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                             Date: May 24, 2023

Title       _Alfred McZeal, et al. v. HSBC Bank USA, et al._

**facilitate their filing of an amended complaint if they elect to proceed in that fashion.**

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

|   :   |
| :---: |
|  iv   |