UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                                    Date: September 6, 2023

Title       *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

Present: The Honorable:       Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:   (In Chambers) Order to Show Cause Why the First Amended Complaint Should Not be Dismissed**

**I.   Procedural History and Summary of Factual Allegations**

On April 24, 2023, Plaintiffs Alfred McZeal, Jr., Jose R. Solano, Vien Thi-Ho, Yesenia Del Toro, Veronica Ponder Waters, Geddes Sean Gibbs, Natalie Langley-Gibbs, Rene Del Prado, and Desmond Demontegnac (collectively "Plaintiffs"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 ("the Complaint").  [Dkt. No. 1.]  On May 24, 2023, the Court screened the Complaint and ordered Plaintiffs to show cause why the Court should not recommend dismissal of this action for failure to state actionable claims.  [Dkt. No. 4.]  The Court advised Plaintiffs they may proceed either by filing a voluntary notice of dismissal or a first amended complaint which cured the defects as identified by the Court in its Order.  [*See id*.]

On July 27, 2023, Plaintiffs filed a First Amended Complaint ("the FAC").  [Dkt. No. 11.]  The FAC names 27 defendants and alleges 16 claims, including fraud, violations of the Fair Debt Collections Practices Act, various crimes under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, violations of Plaintiffs' civil rights, *inter alia*.  [*Id*. at 1, 27-41.]  The gravamen of the FAC alleges that Defendants engaged in fraudulent debt

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-03088-DMG-PD                           Date: September 6, 2023

Title    *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

collection practices that resulted in the illegal foreclosure of Plaintiffs' properties. Plaintiffs seek $871,500,000.00 in compensatory and punitive damages. [*Id.* at 7.]

## II.   Legal Standard

The Court is required to screen *pro se* complaints and dismiss claims that, amount other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In determining whether the FAC should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiffs are proceeding *pro se*, the Court construes the FAC liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                                    Date: September 6, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

## III. Discussion

### A. Failure to Comply with Rule 8

The Complaint contained 99 pages of allegations against 27 Defendants regarding 12 properties located across California, Florida, Louisiana, and Pennsylvania. [*See* Dkt. No. 1.] The FAC contains 70 pages regarding 11 properties[1] against 27 Defendants and fails to state a claim for relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678.

The allegations in the FAC center around what Plaintiffs now call a "Holder in Due Course" foreclosure scheme that deprived them of their properties and violated their constitutional rights. [Dkt. No. 11 at 7.] The Defendants are various corporations, trusts, mortgage lenders, financial institutions, and individuals. [*Id.* at 11-20.] Plaintiffs allege Defendants engaged in a conspiracy to illegally foreclose upon the subject properties; however, the FAC fails to articulate any connection among the Defendants as entities that would support the existence of a cross-country real estate foreclosure conspiracy. It also fails to explain clearly which Plaintiff or Plaintiffs owned which subject property. Overall, the FAC is devoid of concrete factual details and consists of nothing "more than an unadorned, the defendant-unlawfully-harmed-me accusation[s]" that fail to support a civil RICO claim or any of the other 15 claims listed in the FAC.

---

[1] On June 24, 2023, plaintiff Desmond Demontegnac filed a notice of dismissal and a letter asking the Court to dismiss his claims. [*See* Dkt. Nos. 5, 6.] Plaintiff Demontegnac discovered that Plaintiff Alfred McZeal Jr. has a history of filing frivolous lawsuits and operates several websites which purport to help distressed homeowners facing foreclosure. *See id.* As a result, Plaintiff Demontegnac no longer wished to be associated with Plaintiff McZeal or this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD         Date: September 6, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

As one example, the first claim listed in the FAC alleges fraud and states that between January 2021 and July 2023, the Defendants asserted false and fraudulent interests in the subject properties as owners in due course. [*Id*. at 26.] Plaintiffs attach exhibits F through F27 in an attempt to describe the frauds with particularity by listing the who, what, when, where, and how – but the allegations are conclusory and fail sufficiently to explain the overall scheme or the foreclosure events. [*See id* at 43-69.]

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The FAC fails to comply with Rule 8. *See Towns v. Cash*, 2014 WL 7150744, at *2 (C.D. Cal. Dec. 12, 2014) (finding 100+ page civil rights complaint far too long and in violation of Rule 8); *Miller v. Cal. Dept. of Corrections and Rehabilitation*, 2013 WL 5671906, at *2 (E.D. Cal. Oct. 17, 2013) (dismissing civil rights complaint that was 228 pages long for violating Rule 8(1)); *Gilmore v. Augusts*, 2013 WL 635626, at *2 (E.D. Cal. Feb. 20, 2013) (dismissing civil rights complaint that was 291 pages long for failure to comport with Rule 8(a)). As currently pled, there are insufficient facts to support any of Plaintiffs' claims and it requires unreasonable inferences that the Court does not have to accept as true. *Sprewell*, 266 F.3d at 988.

For these reasons, the FAC is subject to dismissal.

### B.     Misjoinder of Claims under Rule 20

Federal pleading rules require that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD					Date: September 6, 2023

Title	 *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

As described above, Plaintiffs have not articulated a plausible connection among any of the Defendants in the FAC. As a result, Plaintiffs' claims do not appear to arise out of the same transaction or occurrence. While all of the claims relate to foreclosures of the subject properties, each foreclosure appears to be a separate, different transaction involving different banks and lenders. Only two properties – the Long Beach, California and the Stroudsburg, Pennsylvania – actually concern more than one Plaintiff. [*See* Dkt. No. 11 at 2-3.] Nonetheless, each claim is asserted on behalf of *all* Plaintiffs – despite each Plaintiff only appearing to have a connection to one or two subject properties. [*See id* at 2-3, 43-69.]

Thus, the FAC runs afoul of Rule 20. Plaintiffs' claims do not arise out of the same transaction, series of transactions or occurrences, nor are there any questions of law or fact that are common to all Plaintiffs or Defendants. As such, the Court finds that Plaintiffs are misjoined in this action. While "[m]isjoinder of parties is not ground for dismissal of an action…on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In this case, dropping all of the Plaintiffs other than the first named Plaintiff, Alfred McZeal Jr., will further the interests of justice by avoiding any confusion which may result from litigating claims asserted by unrelated Plaintiffs in the same action.

Further, it is well established that *pro se* litigants have no authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir 2008) (a non-attorney may not attempt to pursue a claim on behalf of others in a representative capacity); *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). Thus, to the extent Plaintiff McZeal purports to represent anyone other than himself in this action, he cannot do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                                    Date: September 6, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

Accordingly, all of the Plaintiffs – with the exception of Plaintiff Alfred McZeal Jr. – are dropped from this action.

### C.    Related Complaints in this District and Across the Country

Plaintiff Alfred McZeal Jr. has filed similar and/or duplicitous lawsuits in this district and in other districts across the country.  *See e.g. Alfred McZeal Jr., et al. v. Solon House, LLC, et al.*, 4:23-cv-00297-KAW (N.D. Cal. Jan. 20, 2023); *Alfred McZeal Jr., et al. v. Ocwen Loan Servicing, LLC, et al.*, 2:22-cv-08760-JFW-PDx (C.D. Cal. Dec. 2, 2022); *Alfred Mczeal Jr., et al. v. Wilmington Savings Fund Society, FSB, et al.*, 9:22-cv-81848-AMC (S.D. Fl. Nov. 28, 2022); *Alfred McZeal Jr., et al. v. Deutsche Bank National Trust Company, et al.*, 1:16-cv-00430-SS (W.D. Tex. Apr. 4, 2016); *Al McZeal, et al. v. JP Morgan Chase Bank, NA, et al.*, 2:11-cv-07739-PA-PJWx (C.D. Cal. Jan. 20, 2012).  While not an exhaustive list of McZeal's voluminous filings across the country – these cases illustrate McZeal's pattern of filing frivolous lawsuits alleging near identical claims against often the same entities in various jurisdictions.  As District Judge Percy Anderson explained in an Order granting the defendants' Motions to Dismiss in a similar case in 2012:

> McZeal is a serial litigator who has been repeatedly admonished for filing frivolous lawsuits, and has been deemed a vexatious litigant in at least one jurisdiction.  See Washington Mutual Bank FA v. McZeal, 265 F. App'x 173, 175 (5th Cir. 2008) (per curiam) (noting that the district court enjoined McZeal from filing future causes of action in the Southern District of Texas without the consent of that court's Chief Judge)…. Worse than filing frivolous suits on his own behalf, McZeal, who is not an attorney, convinces others to join his meritless lawsuits. As the Washington Mutual court noted, "McZeal's website purports to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                              Date: September 6, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

provide tools to those allegedly suffering from mortgage fraud or facing foreclosure to sue their adversaries pro se." Id. at 174 n.1.

*See Al McZeal, et al.*, 2:11-cv-07739-PA-PJWx, Dkt. No. 133.

Relevant here, McZeal has recently filed three other suits regarding several of the same subject properties against several of the same defendants as the instant case. *See Solon House, LLC, et al.*, 4:23-cv-00297-KAW (N.D. Cal. Jan. 20, 2023); *Ocwen Loan Servicing, LLC, et al.*, 2:22-cv-08760-JFW-PDx (C.D. Cal. Dec. 2, 2022); *Wilmington Savings Fund Society, FSB, et al.*, 9:22-cv-81848-AMC (S.D. Fl. Nov. 28, 2022). It appears that some of the claims and Defendants in the FAC have been dismissed in other district courts, and Plaintiffs' claims thus would be barred by res judicata. However, as currently pled in the FAC, the Court cannot decipher what claims are still outstanding against the Defendants after dropping all Plaintiffs other than McZeal.

### IV. Order

For the foregoing reasons, all Plaintiffs other than McZeal are dropped from this action.

Plaintiff McZeal is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the FAC be dismissed for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B).

To discharge and satisfy this order, Plaintiff McZeal can either:

(1)   File a second amended complaint, which would entirely supersede the FAC, if he can cure the factual and legal deficiencies outlined in this Order. Plaintiff McZeal is advised

7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-03088-DMG-PD            Date: September 6, 2023

Title     *Alfred McZeal, et al. v. HSBC Bank USA, et al.*

that a second amended complaint would entirely replace the FAC in this action. Plaintiff McZeal is cautioned that he may only bring claims on behalf of himself. Further, any amended complaint must:

(a) be labeled "Second Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
(g) not add defendants or claims without leave of court.

or

(2) Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Plaintiff McZeal must do ones of these things by no later than **October 4, 2023**. If, given the contents of this Order, Plaintiff McZeal elects not to proceed in this action, he may expedite matters by signing and returning the

8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03088-DMG-PD                                                   Date: September 6, 2023

Title      _Alfred McZeal, et al. v. HSBC Bank USA, et al._

**attached Notice of Dismissal by October 4, 2023,** which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff McZeal is cautioned that, absent further order of the Court, his failure to timely file a second amended complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff McZeal to facilitate his filing of an amended complaint if he elects to proceed in that fashion.**

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

:
iv